**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2970-15T2

JONATHAN WHITMAN,

    Plaintiff-Appellant,

v.

PAYPAL, INC.,

    Defendant-Respondent.

_____

Submitted May 8, 2018 — Decided June 18, 2018

Before Judges Reisner, Gilson, and Mitterhoff.

On appeal from Superior Court of New Jersey,
Law Division, Special Civil Part, Ocean
County, Docket No. SC-0905-15.

Jonathan Whitman, appellant pro se.

Holland & Knight, LLP, attorneys for
respondent (Duvol M. Thompson, on the brief).

PER CURIAM

    This appeal arises out of a Special Civil Part claim for
$3000. Plaintiff Jonathan Whitman appeals from a January 6, 2016
order denying his motion for reconsideration of a June 25, 2015
judgment entered after trial and dismissing plaintiff's complaint

for failure to establish a breach of contract. We affirm because the trial court's findings are supported by substantial credible evidence, and we discern no abuse of discretion in the denial of plaintiff's motion for reconsideration.

## I.

The trial and motion records established the following facts. In March 2015, plaintiff arranged with a third-party seller (Seller) to purchase materials on how to become a private investigator. The arrangements were made by using the internet and telephone. Plaintiff and the Seller agreed that plaintiff would purchase three items: photographs, videos, and a book. The total price of the items was $4000. Plaintiff asked, and the Seller agreed, to make three separate payments for the three items using PayPal, an online payment service.

Plaintiff and the Seller also agreed that the items would be shipped together after all payments were made. Those arrangements were confirmed in an email from the Seller to plaintiff:

> The entire cost for the research material you requested is $4,000. I can break down the payments into three installments as follows: Upon payment of $1,500, you will receive a series of research photographs. Upon payment of the second $1,500, you will receive a series of research videotapes. Upon payment of the final $1,000, you will receive a research report book plus bonus material. Everything will ship to your New Jersey address once all payments are made.

Plaintiff also requested and received an invoice that listed the three items and the total payment:

```
Research Photographs      [$] 1,500.00
Research Videotapes       [$] 1,500.00
Research Report Book      [$] 1,000.00

TOTAL $4,000.00

Items will be shipped by Fedex Express on the
date of final payment.
```

Thereafter, plaintiff made three payments to the Seller using PayPal: on March 9, 2015, he paid $1500; on March 10, 2015, he paid $1500; and on March 18, 2015, he paid $1000. Unfortunately, plaintiff never received any of the items after making the payments.

On March 31, 2015, plaintiff filed a claim with PayPal for reimbursement under PayPal's buyer protection plan. PayPal is an online service provider that helps buyers and sellers make and accept payments. To use PayPal services, users are asked to agree to the terms and conditions of the PayPal User Agreement (User Agreement).

Section 13 of the User Agreement provides protection for users (referred to as both purchasers or buyers) who pay for items using PayPal, but do not receive the item or receive an item that is significantly different than described. To be covered by the buyer protection plan, the buyer must meet several eligibility

A-2970-15T2

requirements.  Buyer protection does not cover intangible items, such as services.  Buyer protection also requires the user to make one payment per transaction.  In that regard, Section 13.2 of the User Agreement provides in relevant part:

Eligibility requirements.

a.    To  be  eligible  for  PayPal  Purchase Protection, you must meet all of the following requirements:

- Pay  for  the  eligible  item  from  your [PayPal] Account.

- Pay for the full amount of the item with one  payment.  Items  purchased  with multiple  payments  —  like  a  deposit followed by a final payment — are not eligible.

In  response  to  plaintiff's  claim,  PayPal  declined  the reimbursement for two reasons.  First, it took the position that plaintiff had purchased intangible items.  Second, it contended that plaintiff made multiple payments for the items instead of a single payment, as required by Section 13.2 of the User Agreement.

In April 2015, plaintiff filed a complaint against PayPal in the Special Civil Part, Small Claims Section.  Plaintiff sought $3000 in damages to cover two of the three items that he had purchased.  $3000 is the maximum amount of damages allowable in the Small Claims Section.  See R. 6:1-2(a)(2).  Plaintiff alleged

that PayPal breached the terms of its User Agreement by failing to honor the buyer protection plan.

The court conducted a one-day bench trial on April 29, 2015. The two issues presented to the court were: (1) whether plaintiff purchased tangible or intangible items; and (2) whether plaintiff purchased three separate items in three separate transactions or whether he made multiple installment payments for the items.

The evidence at trial consisted of plaintiff's testimony, the emails and invoice from the Seller, a copy of the User Agreement, and testimony from a PayPal legal representative. The PayPal witness testified via telephone.

After hearing the evidence, the trial court allowed the parties to submit post-trial briefs. On June 25, 2015, the court issued a written opinion finding that plaintiff contracted for tangible goods, but that he used installment payments that were not covered under the User Agreement. Accordingly, the court dismissed plaintiff's complaint with prejudice.

In July 2015, plaintiff filed a motion for reconsideration. In connection with that motion, plaintiff submitted a series of emails that he exchanged with representatives of PayPal after the trial. In those emails, plaintiff described hypothetical transactions, and he contended that PayPal's representatives

confirmed his position that the purchases should have been covered by the buyer protection plan.

The court heard oral argument on the motion for reconsideration and, on January 6, 2016, the court entered an order denying the motion. The trial court did not expressly rule on whether the post-trial emails were admissible. Instead, the court found that those emails did not qualify as new evidence and did not constitute grounds for reconsideration.

## II.

On appeal, plaintiff makes eleven arguments, which relate to four alleged errors by the trial court. Plaintiff contends the trial court erred in: (1) allowing the witness for PayPal to testify via telephone; (2) not finding PayPal's witness incredible; (3) not admitting his post-trial emails with PayPal representatives into evidence on the motion for reconsideration; and (4) not construing the buyer protection plan against PayPal.

We will start by analyzing the key issue on this appeal: whether there was substantial credible evidence in the record to support the trial court's finding that plaintiff made installment payments, which were not covered by the buyer protection plan. Because we hold that there was sufficient evidence in the record to support that finding, we reject defendant's arguments and affirm.

Our review of a judgment entered by a trial court in a non-jury case is limited. Cumberland Farms, Inc. v. N.J. Dep't of Envtl. Prot., 447 N.J. Super. 423, 437 (App. Div. 2016). The trial judge's findings "are considered binding on appeal when supported by adequate, substantial and credible evidence." Rova Farms Resort, Inc. v. Investors Ins. Co., 65 N.J. 474, 484 (1974). Moreover, a trial court's rulings on evidentiary issues are reviewed for abuse of discretion. Estate of Hanges v. Metro. Prop. & Cas. Ins. Co., 202 N.J. 369, 374 (2010). We review legal issues, however, de novo. J.G. Ries & Sons, Inc. v. Spectraserv, Inc., 384 N.J. Super. 216, 221-22 (App. Div. 2006).

The User Agreement clearly states that for buyer protection to apply, items must be purchased with "one payment." It also states that "[i]tems purchased with multiple payments — like a deposit followed by a final payment — are not eligible." The trial court correctly determined that the User Agreement excluded items purchased with installment payments. Based on the evidence presented at trial, the trial court then found that plaintiff purchased three items for a total of $4000, but made the payments in three installments. That finding is supported by substantial credible evidence in the record, and we discern no basis to disturb that factual finding.

Plaintiff argues that it was an error for the trial court to allow PayPal's only witness to testify via telephone. Initially, we note that plaintiff did not preserve that objection for appeal. Although he initially objected at trial, he ultimately stated that he would leave the decision to the trial court.

Trial courts can allow witnesses to testify telephonically provided the court makes two determinations. State v. Santos, 210 N.J. 129, 141 (2012). "First, the court must determine whether the opposing party has consented to the testimony or whether there is a 'special circumstance,' . . . 'compelling the taking of telephone testimony.'" Ibid. (quoting Aqua Marine Prod., Inc. v. Pathe Comput. Control Sys. Corp., 229 N.J. Super. 264, 275 (App. Div. 1988)). "Second, the court must be satisfied that 'the witness' identity and credentials are known quantities' and that there is some 'circumstantial voucher of the integrity of the testimony.'" Ibid.

Here, there were special circumstances that justified telephonic testimony, because the witness was located in California and the trial was a small claims matter. More importantly, there is nothing in the record to indicate that the witness' identity and credentials were not known quantities and the circumstances vouched for the integrity of the witness' testimony.

We also discern no abuse of discretion in the trial court's decision not to admit and consider the emails that plaintiff exchanged with representatives of PayPal after the trial. As previously stated, the trial court did not expressly rule on the admissibility of the post-trial emails. The trial court noted, however, that those emails were exchanged without a full disclosure of the purpose of the emails. Just as importantly, the trial court found that the emails did not constitute new evidence that would form the basis for reconsideration.

Plaintiff's remaining arguments lack sufficient merit to warrant a discussion in a written opinion. See R. 2:11-3(e)(1)(E). We do, however, make the following comment.

Plaintiff filed an over-length brief and made repetitive arguments about a relatively simple case. In that regard, plaintiff asserted that his due process and equal protection rights were somehow violated, and he focused on three specific contentions. First, that the court erred by allowing PayPal's witness to testify via telephone. Second, that the court erred by not accepting the post-trial emails. Finally, that the trial court erred by not construing the User Agreement against PayPal under the doctrine of "contra proferentem."

The record establishes that plaintiff was given a fair and impartial trial. Plaintiff's arguments lose sight of the fact

9

that he arranged the transaction with the Seller and the trial court's findings against him, which were based on evidence presented at trial, do not constitute a deprivation of due process or an infringement on equal protection. Instead, a reasoned analysis establishes that plaintiff may not be happy with the result, but he was afforded a fair and impartial trial.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2970-15T2